**UNITED STATES of America, Plaintiff,**

v.

**Ruane BRANDE, Carmen Pharr, Defendants.**

**No. SA CR 00–10 AHS, 01–50537, 01–50538.**

United States District Court, C.D. California, Southern Division.

Dec. 9, 2003.

Douglas F. McCormick, Assistant U.S. Attorney, Santa Ana, CA, for plaintiff.

Carlo A. Spiga, Esq., Sherman Oaks, Shakti Murthy, Esq., Santa Monica, CA, for defendants.

*AMENDED* ORDER ENTERING FIND-INGS OF FACT FOLLOWING EVI-DENTIARY HEARING PURSU-ANT TO LIMITED REMAND

STOTLER, District Judge.

## I.

### INTRODUCTION

After a jury returned verdicts of guilty against Ruane Brande and Carmen Pharr, defendants were sentenced. Both sought appellate review to overturn their convictions on the basis[1] that improper juror

contact occurred between one juror and court personnel. After receiving evidence, presented both by stipulation and testimony, the Court finds that the purported contact did not occur and that the reopening of the case arose from a well-meaning but erroneous report by an FBI agent concerning a juror's phone call regarding defendants' sentencing.

## II.

### PROCEEDINGS IN THE TRIAL COURT

After defendants' convictions on January 12, 2001, the sentencing hearing was set for April 16, 2001. Defendants obtained a continuance to June 4, 2001, after which the Court ordered a continuance to July 23, 2001, in order to obtain written statements from defendants regarding their sentencing positions in light of revised Presentence reports. On defendants' application, the sentencing hearing was again continued, first to August 6, and finally to August 27, 2001.

At this hearing, defendants' counsel chose to discuss a supposedly improper contact between court personnel and a juror. Nothing mentioned by defendants' counsel suggested the existence of any evidence of juror misconduct. The hearsay statement of one juror to the FBI agent was plainly not borne out by anything that defendants had uncovered. Defense counsel made no representation that the papers he held contained evidence that a trial juror had told defendants' investigator of any untoward conduct. There was no proffer that the investigator prepared a declaration concerning his contact with the suspect juror.[2] It was, in short, a speak-

---

1. There may be other bases for appeal, but those grounds, if any, are not before the district court nor part of the limited proceeding for which this matter is reopened.

2. As the Court of Appeals' opinion notes, the investigator had "spoken with him [the juror] by telephone." No one has been informed of what was said.

ing motion without any colorable basis, which could and should have been filed months before the sentencing hearing if counsel truly suspected misconduct, and which, in its belated and cursory form, suggested that defendants sought again to delay the sentencing proceedings. The proffer was accordingly rejected, although the Court indicated the obvious, namely, that counsel was free to file the document he held. It is that document that gives rise to the post-judgment proceedings discussed in this Order.

### III.

### POST–APPEAL PROCEDURAL BACKGROUND

On June 2, 2003, the Court of Appeals for the Ninth Circuit filed its order remanding the case for further proceedings. *United States v. Brande*, 329 F.3d 1173, 1178 (9th Cir.2003). The Court of Appeals concluded:

> We remand with instructions that the district court conduct a hearing to determine whether the incident complained of affected the defendants' substantial rights. If it finds that it did, it shall grant a new trial. If, on the other hand, the district court concludes that the verdicts should stand, it shall enter a written order to that effect with findings of fact and conclusions of law and forward that order to this court for review. Except as remanded for the limited purposes described above, the court retains jurisdiction over the case and the remaining issues.

In fact, the incident did not occur and hence defendants' substantial rights were not affected.

### IV.

### THE EVIDENTIARY HEARING

On October 31, 2003, the Court received from the parties a stipulation as to the testimony of trial jurors Carlos Flores, Linda Hill, Larry Burfitt, Henry Oshiro, Jesse Velasco, Susan Garcia, and Alicia Lutz. The Court also received the declaration of Douglas F. McCormick and attached exhibits. These exhibits contain reports of interviews with trial jurors Keith Robert Britton and Mona Snoble, the FBI 302 report written by Special Agent Julie McWilliams after her conversation with Juror Britton in February 2001, a docket sheet, the two jury notes sent to the Court during deliberations, and the reporter's transcript from the final two days of trial.

On November 3, 2003, the Court held the evidentiary hearing. The Court received testimony from Jurors Keith Robert Britton and Mona Snoble as well as FBI Special Agent Julie McWilliams.

On November 10, 2003, both parties filed proposed findings of fact and conclusions of law. After consideration of the parties' submissions made before and after the evidentiary hearing, the testimony at the hearing, and the Court's recollection of the pertinent proceedings, the Court finds the facts pertinent to the remand as follows.

### V.

### FINDINGS OF FACT

1. From January 3, 2001 to January 12, 2001, a jury trial was held to adjudicate the charges against defendants Ruane Brande and Carmen Pharr. On January 12, 2001, the jury found defendant Brande guilty on Counts One through Three. The jury also returned a guilty verdict as to defendant Pharr on Counts One and Three, but not guilty on Count Two. Carlos Flores, Linda Hill, Larry Burfitt, Henry Oshiro, Jesse Velasco, Alicia Lutz, Keith Britton, and Mona Snoble were

among the trial jurors who deliberated in this matter.

2. At some point during the course of the trial, Juror Flores expressed to some of the other jurors that he would have difficulty judging someone else and reaching a verdict because of a religious belief. Flores discussed this concern with some of the other trial jurors, but the identities of the other jurors with whom Flores spoke is not ascertainable.

3. Although it appears that some jurors discussed Flores' religious belief among themselves, no juror brought this issue to the attention of the Court or any courtroom personnel. No juror, Flores included, had any *ex parte* contact with courtroom personnel or staff regarding Mr. Flores' religious beliefs during the course of the trial.

4. The hearsay statement contained in Special Agent McWilliams' report summarizing a telephone conversation she had with Juror Britton after the conclusion of the trial in early February of 2001 is in error, at least insofar as it reflects what Juror Britton said. Special Agent McWilliams' report states that Juror Britton told her that court personnel spoke to Juror Flores about his religious beliefs. When Juror Britton testified, he did not recall making that statement to Special Agent McWilliams. Juror Britton did not see any court personnel speak to Juror Flores during the trial.

5. Juror Flores, in his stipulated testimony submitted by the parties, concluded that he could separate his religious belief from his duty as a juror. Juror Flores reached this conclusion on his own and not as a result of pressure or influence from others. Juror Flores never had any contact with court personnel during the course of the trial.

6. Trial Jurors Snoble and Hill indicate their belief that a note was sent to the Court regarding the issue of Juror Flores's religious belief. The Court's habit, custom, and regular practice is to disclose to counsel and to order filed all notes received from the jury during the course of a trial. The undersigned judge was never informed of any such note. No such note appears in the Court's file, although other notes do. In fact, no such note was ever sent.

7. No juror testified that any court personnel discussed Juror Flores' religious beliefs with him at any point during the trial or the jury's deliberations.

8. No improper contact between Juror Flores and court personnel occurred.

## VI.

### *CONCLUSIONS OF LAW*

Based on the above-stated findings of fact, and mindful that the Court of Appeals exercises primary jurisdiction over this matter, the district court's conclusions of law follow.

■ 1. Where jury misconduct is alleged, the question is "whether the incident complained of affected the defendants' substantial rights." *Brande*, 329 F.3d at 1178. *See also Delgado v. Rice*, 67 F.Supp.2d 1148, 1157 (Central District, Cal.1999) (summarizing cases involving *ex parte* judge-juror contact).

■ 2. In light of the factual finding that no improper contact took place, the discussion of Juror Flores's religious belief is the only possible "jury misconduct" disclosed during the evidentiary hearing. No suggestion has been made by the Court of Appeals in this case that a discussion of jury duty is misconduct. Nonetheless, the Court enters its conclusion that any such discussion did not prejudice defendants to the extent that they did not receive a fair trial.

3. Defendants are not entitled to a new trial on the basis discussed herein which is that designated by the appellate court's limited remand with instructions.

IT IS ORDERED that these Findings of Fact and Conclusions of Law be entered pursuant to the limited remand ordered by the Court of Appeals.

IT IS FURTHER ORDERED that the Clerk shall forthwith provide this Order Entering Findings of Fact Following Evidentiary Hearing Pursuant to Limited Remand to the Clerk of the Court of Appeals for the Ninth Circuit.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order on all counsel.